929 So.2d 613 (2006)
David REDILLA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2682.
District Court of Appeal of Florida, Second District.
May 10, 2006.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), David Redilla, Jr., challenges his judgment and sentence for third-degree grand theft and criminal mischief. Except for two minor sentencing errors that Redilla raised in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), we affirm. See In re Anders Briefs, 581 So.2d 149, 152 (Fla. 1991) (stating that "indigents in their first appeal as of right should not lose their Anders rights simply because counsel are able to identify some relatively minor sentencing issues in `no merit' briefs").
The trial court rendered an order on May 2, 2005, that granted Redilla's second motion to correct a sentencing error. In that order, the trial court vacated a restitution order and stated, "Within 10 days of the date of this order the Department of Corrections SHALL PREPARE an Amended Order of Community Supervision or Order of Modification of Probation striking Financial Condition 36, which requires Defendant to pay $3,545.85 in restitution." Neither order was prepared, according to a certificate from the circuit court clerk dated May 23, 2005. Thus, we remand and direct the trial court to enter an amended order of community supervision or an order of modification of probation striking financial condition 36 that requires Redilla to pay $3545.85 in restitution.
In its order of May 2, 2005, the trial court also ordered the clerk of the circuit *614 court to file an amended uniform costs order to reflect the striking of the $150 court cost imposed pursuant to section 939.18, Florida Statutes (2003), and the $2 cost imposed pursuant to section 938.15, Florida Statutes (2003). The amended uniform costs order filed on June 6, 2005, deleted those costs but imposed two additional costs that had not been imposed in the original uniform costs order of May 17, 2004. Apparently, the additional costs were inadvertently imposed due to the trial court's use of a new uniform costs order. Therefore, we direct the trial court on remand to strike the first amended uniform costs order of June 6, 2005. The trial court shall enter a second amended uniform costs order that does not include the additional $50 crime prevention court cost, pursuant to section 775.083, Florida Statutes (2004), and the additional $65 court cost, pursuant to section 939.185, Florida Statutes (2004), that were not imposed in the original uniform costs order.
Accordingly, we affirm Redilla's judgment and sentence except that we remand for correction of the above sentencing errors.
CASANUEVA and KELLY, JJ., Concur.