DAVIS, Judge.
Marcus William Bassett challenges the conviction and sentence entered after he pleaded no contest to manslaughter. We affirm the August 10, 2007, judgment and sentence without comment. However, the State properly has conceded error related to the imposition of certain costs and the lack of properly entered orders accurately reflecting those costs. Accordingly, we remand for the limited purpose of correcting those errors.
Bassett was sentenced to five years’ prison to be followed by five years’ probation. As part of his sentence he was ordered to pay certain costs and fees. While this appeal was pending, Bassett filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) seeking to challenge the imposition of certain costs and fees that were imposed. The trial court partially granted this motion, struck four of the originally imposed costs, and ordered the clerk of the circuit court to prepare an amended judgment and sentence.
Although an amended judgment and sentence was entered reflecting the stricken costs, neither an amended costs order nor an amended order of probation appears in the record. Accordingly, Bassett filed a second rule 3.800(b) motion arguing that based on the originally granted rule 3.800(b) motion, the trial court should have filed an amended costs order, an amended final judgment and sentence, and an amended order of probation. The trial court subsequently entered an amended final judgment and sentence reflecting the changes in costs previously ordered by the trial court and additionally ordered the clerk to file an amended order of probation.
The record reflects neither the entry of an amended costs order nor the entry of an amended order of probation. Additionally, the amended costs reflected within the judgment and sentence added additional costs that were not originally imposed. The State has properly conceded error. See Redilla v. State, 929 So.2d 613, 613-14 (Fla. 2d DCA 2006) (remanding for entry of amended probation order to reflect *237 amended costs and for the striking of costs that were not originally imposed). Accordingly, we affirm Bassett’s judgment and sentence but remand for correction of the errors identified in this opinion regarding the amended costs and the entry of the necessary orders reflecting such. On remand, the trial court should strike the costs that were not originally imposed and enter an amended costs order, an amended judgment and sentence, and an amended order of probation reflecting the correct costs. See Owens v. State, 1 So.3d 405 (Fla. 2d DCA 2009); Redilla, 929 So.2d at 614.
Affirmed; remanded with directions.
KELLY and CRENSHAW, JJ., Concur.